

**366 North Broadway**
**Suite 410**
**Jericho, NY  11753**

**445 Broad Hollow Road**
**Suite 25**
**Melville, NY  11747**

**Telephone**
**(888) 572-0861**

**Facsimile**
**(516) 942-4385**

August 21, 2020

BY ECF
Judge Sandra J. Feuerstein
100 Federal Plaza
Central Islip, NY 11722

**Re:  John McQuillin v. Hartford, 20-CV-2353 SJF-ARL (E.D.N.Y.)**

Dear Judge Feuerstein:

I represent the plaintiff, John McQuillin, in the above referenced action.  I write in opposition to Patrick Begos' letter dated August 21, 2020, which asked the Court to disregard Plaintiff's letter dated August 17, 2020, on the grounds that it is a "sur-reply."  Mr. Begos' letter is yet another example of his utter disregard and hypocrisy for the rules.

Plaintiff's letter dated August 17, 2020, addressed Mr. Begos' argument that Plaintiff did not exhaust his administrative remedies due to the EBSA COVID Notice.  Plaintiff's August 17, 2020 letter was not a sur-reply because Plaintiff never had the opportunity to oppose that argument.  The first time that Mr. Begos ever raised the COVID Notice issue was when he sandbagged Plaintiff with that argument in Hartford's reply brief.   Rather than disregarding Plaintiff's August 17, 2020 letter, the Court should disregard section IIIB of Hartford's reply brief that is based on the COVID Notice.

Plaintiff's August 17th letter addressed the fact that Mr. Begos was speaking out of both sides of his mouth.  On the one hand, Mr. Begos wanted the Court to believe that it has been Hartford's position since day one that Plaintiff has not exhausted his administrative remedies because the EBSA COVID Notice "suspended" Hartford's time to decide Plaintiff's appeal.  On the other hand, at the initial conference ("IC"), when asked why Hartford had failed to decide Plaintiff's appeal, Mr. Begos told the Court that Plaintiff had not exhausted his administrative remedies because of Ms. Cuspiag's June 23, 2020 letter -  not because of the EBSA COVID Notice.

Hartford's COVID Notice argument was a *post-h*oc response to the Court's denying the motion to dismiss.  Mr. Begos served Hartford's motion to dismiss on July 24, 2020.  There is absolutely no reference about the EBSA Notice anywhere in Mr. Begos' moving brief.   If Mr. Begos had come up with that argument before the IC, then not only he would have included it in his moving brief, but he also would have asserted it at the IC as the basis for Hartford's motion not being deemed denied.  Instead, because he only concocted the COVID Notice after the IC, Mr. Begos relied on the inane argument that the Cusipag letter was the reason why Hartford's motion to dismiss should not be deemed denied.

Mr. Begos knows that it was improper to include the COVID Notice argument in Hartford's reply brief, and he knows that the Court will not disregard Plaintiff's August 17, 2020 letter, or grant him the opportunity to submit a sur-reply.  What Mr. Begos actually wants is to complicate this matter in order to manipulate the Court into remanding this action.  Mr. Begos' tactics are all an attempt to divert the Court's attention from the fact that this is a simple case.  Plaintiff had prostate cancer, and the surgical treatment resulted in common urological side effects that preclude him from working at any occupation, let alone his regular occupation as a medical equipment salesperson that required him to spend 70% of his time in the operating room.  Thus, Plaintiff asks the Court to reject the letter Mr. Begos' filed earlier today, (Document 20).

Respectfully submitted,
**LAW OFFICES OF JEFFREY DELOTT**

By:  _Jeffrey Delott_____
Jeffrey Delott, Esq.

**Email:  jd@iwantmydisability.com**
**Web Site:  iwantmydisability.com**
**Blog:  disabilitylawyerblog.com**

2