UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN MCQUILLIN,

                              Plaintiff,

          -against-

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

                            Defendant.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
20-2353 (SJF) (ARL)

**LINDSAY, Magistrate Judge:**

      Plaintiff John McQuillin ("Plaintiff") brings this action against Hartford Life and Accident Insurance Company ("Defendant" or "Hartford"), alleging a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et. seq.* Currently before the Court, on referral from District Judge Fuerstein, are Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on the grounds that Plaintiff failed to exhaust his administrative remedies prior to bringing this ERISA action and Plaintiff's motion for an order preventing Defendant from adding information to the "administrative record" relating to the period after May 26, 2020. For the reasons set forth below, the undersigned respectfully reports and recommends that Defendant's motion to dismiss be granted and Plaintiff's motion to strike be denied.

## BACKGROUND

**I.    Procedural Background**

      Plaintiff commenced this action on May 27, 2020. ECF 3. On August 14, 2020, Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(6) on the grounds that Plaintiff failed to allege that he exhausted his administrative remedies. ECF No. 15. In support

1

of the motion to dismiss, Defendant relies upon Defendant's Memorandum of Law in Support of its Motion to Dismiss ("Def. Mem.") as well as the Declaration of Adam Garcia dated July 24, 2020 ("Garcia Dec.") attaching documents. Plaintiff opposed the motion, relying upon Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Pl. Mem.") as well as the Declaration of Jeffrey Delott dated August 7, 2020, attaching correspondence between counsel. Defendant submitted a reply memorandum, which was followed by a flurry of letters from both Plaintiff and Defendant relating to the propriety of statements made in Defendant's reply memorandum and containing a series of back and forth attacks on the character of opposing counsel.

On November 9, 2020, Plaintiff filed a motion seeking an order preventing Defendant from adding to the Administrative Record those pages from the claim file, which contain information that Defendant added after May 26, 2020. ECF No. 30. Defendant has responded to that motion.

By Order dated November 9, 2020, Judge Feuerstein referred the motion to dismiss and the motion to strike to the undersigned for a report and recommendation.

## II.     The Complaint

The following facts are drawn from the Complaint and are accepted as true for purposes of the instant motion. *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). These facts, however, do not constitute findings of fact by the Court. *See Colvin v. State University College at Farmingdale*, No. 13-CV-3595 (SJF)(ARL), 2014 U.S. Dist. LEXIS 85678, 2014 WL 2864224, at *1 n.1 (E.D.N.Y. June 19, 2014).

Plaintiff is a 58 year-old male residing in Glen Head, New York. Compl. ¶ 1. Plaintiff was employed by Wright Medical Technology Inc. (the "Employer") until February 17, 2019.

*Id*.  Plaintiff sold foot/ankle surgical equipment for the Employer. *Id.* at ¶11.  He was diagnosed with prostate cancer in January 2019 and had surgery in April 2019. *Id*. at ¶¶ 26, 35.  Plaintiff was covered by the Group Long Term Disability Plan for Employees of Wright Medical Group (the "LTD Plan").  The Employer sponsored the "LTD Plan," and is the Plan Administrator. *Id*.

Defendant Hartford is licensed to conduct the business of insurance in the State of New York, and maintains its principal place of business in Hartford, Connecticut. *Id*. at ¶ 3.  Hartford issued the insurance policy that is responsible for paying benefits under the LTD Plan, and decides if claimants are entitled to benefits under it. *Id*.

Plaintiff alleges that he filed a claim for long term disability benefits under the Plan on September 11, 2019. *Id*. at ¶¶ 43-44.  Plaintiff also alleges that Hartford denied his claim by letter dated October 25, 2019. *Id.* at ¶¶ 53-54.  By letter dated December 5, 2019, Hartford notified Plaintiff that his deadline to appeal Hartford's denial of his claim was April 22, 2020. *Id*. at ¶ 72.  Plaintiff requested an extension of the deadline, which was denied. *Id*. at ¶ 73.  On February 19, 2020, Plaintiff requested a 30 days extension beyond April 22, 2020.  Hartford never agreed, nor even provided Plaintiff with an answer.  Plaintiff filed his appeal on April 11, 2020. *Id*. at ¶ 74.  According to Plaintiff, Hartford failed to render a decision on Plaintiff's appeal on a timely basis; i.e., within 45 days, and never made a proper extension request. *Id*. at ¶ 18.  Plaintiff filed this action on May 27, 2020, 46 days after filing his appeal of Hartford's denial of his benefits.

**I.      Standard of Law**

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing

3

a motion to dismiss. District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

II. **Analysis**

    A.    **Materials the Court May Consider on this Rule 12(b) Motion**

"The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits. The Rule thus assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006). Thus, in adjudicating a motion under Rule 12(b), "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated by reference, and to matters of which judicial notice may be taken." *Serdarevic v. Centex Homes, LLC,* 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010) (quotation omitted); *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). In addition, "in some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of

4

consideration on a motion to dismiss." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). "A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" *Id.* (citation and internal quotation marks omitted). "Merely mentioning a document in the complaint will not satisfy this standard; indeed, even offering 'limited quotation[s]' from the document is not enough." *Id.* (quoting *Global Network*, 458 F.3d at 156). "'In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason -- usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim -- was not attached to the complaint." *Id. (quoting Global Network*, 458 F.3d at 157)). In addition, "'[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Global Network*, 458 F.3d at 157 (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).

In connection with the motion to dismiss, Defendant relies on documents outside of the complaint. Defendant relies on a copy of the LTD Plan, an October 25, 2019 letter from Hartford to Plaintiff, as well as an April 23, 2020 letter from Hartford to Plaintiff's counsel. Garcia Dec., ECF 15, Exs. A,B & C. Plaintiff relies upon a series of letters between the parties' outside counsel as well as cover letters relating to Plaintiff's appeal. Delott Dec. ECF 15, Exs. A-D. To the extent these materials raise matters outside of the complaint that are not integral thereto, as is further described below, the Court will not consider them. *See Goel*, 820 F.3d at 559-60 (finding that affidavit which was not integral to the complaint could not be considered on motion to dismiss).

5

B. **Failure to Exhaust Administrative Remedies**

Defendant has moved to dismiss Plaintiff's ERISA claim on the grounds that Plaintiff has failed to exhaust the administrative procedures set forth in the Plan. Def. Mem. 4-7. The Second Circuit has "recognized the firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases." *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993) (internal quotations marks and citation omitted); *Houston v. Teamsters Local 210*, 27 F. Supp. 3d 346, 351 (E.D.N.Y. 2014) ("Second Circuit has long recognized "the firmly established federal policy favoring exhaustion of administrative remedies in ERISA case"). The exhaustion requirement "encourage[es] the private resolution of ERISA disputes so as to minimize the number of frivolous ERISA lawsuits . . . and [to] decrease the cost and time of claims settlement." *Ludwig v. Nynex Serv. Co.*, 838 F. Supp. 769, 781 (S.D.N.Y. 1993) (citations and quotations marks omitted). "[E]xhaustion in the context of ERISA requires only those administrative appeals provided for in the relevant plan or policy." *Kennedy*, 989 F.2d at 594.

However, failure to exhaust administrative remedies is an affirmative defense, and not a jurisdictional hurdle. *Long Island Neuroscience Specialists v. Fringe Benefit Funds Local 14-14b Int'l Union Of Operating Eng'rs*, 17-3341 (JMA) (ARL), 2018 U.S. Dist. LEXIS 129222, 2018 WL 3912283 (E.D.N.Y. July 31, 2018) (citing *Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 446 (2d Cir. 2005). "It is the Defendant's burden to prove that the Plaintiffs failed to exhaust their administrative remedies." *Neurological Surgery v. Siemens Corp.*, No. 17-3477, 2017 U.S. Dist. LEXIS 206010, 2017 WL 6397737 (E.D.N.Y. Dec. 12, 2017); *see Paese*, 449 F.3d at 446 ("[W]e hold that a failure to exhaust administrative remedies is not jurisdictional, but is an affirmative defense."); *C.M. v. Fletcher Allen Health Care, Inc.,* No. 5:12-CV-108, 2013

6

U.S. Dist. LEXIS 120469, 2013 WL 4453754, at *9 (D. Vt. Apr. 30, 2013) (stating that the defendant bears the burden of establishing that the plaintiff failed to exhaust her administrative remedies (*citing Paese*, 449 F.3d at 445)). Because it is an affirmative defense "plaintiff is not required to plead exhaustion of administrative remedies." *Rozek v. N.Y. Blood Ctr.,* 925 F. Supp. 2d 315, 343 (E.D.N.Y. 2013). "[C]ourts have refused to consider the affirmative defense of ERISA exhaustion on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) because such a motion focuses on the allegations of plaintiff's Complaint, not a defendant's affirmative defenses." *Richardson v. Kellogg Co.*, No. 14-2372-DDC-JPO, 2014 U.S. Dist. LEXIS 176019, 2014 WL 7338844, at *3-7 (D. Kan. Dec. 22, 2014); *see also Mohr-Lercara v. Oxford Health Ins., Inc.,* No. 18 CV 1427, at * 2019 U.S. Dist. LEXIS 52962, 2019 WL 1409479 (S.D.N.Y. Mar. 28, 2019) ("Failure to exhaust administrative remedies under ERISA is an affirmative defense. . . . As such, administrative exhaustion 'must be pleaded and proved by a defendant,' not the plaintiff, . . ., and warrants dismissal at the pleading stage only 'if the defense appears on the face of the complaint'")(citation and internal quotation omitted).

    A motion to dismiss for failure to exhaust administrative remedies is only appropriate where the failure appears on the face of the complaint. "The failure of exhaust appears on the face of a complaint where, for example, plaintiff 'explicitly admit[s] a conscious decision not to exhaust,' *Leak*, 423 Fed. App'x at 54, or plaintiff 'pleads no facts suggesting any effort to exhaust the remedies available through his ERISA administrative plan.'" *Neurological Surgery, P.C. v. Aetna Health Inc.*, No. 2:19-cv-4817 (DRH) (ARL), 2021 U.S. Dist. LEXIS 765 (E.D.N.Y. Jan. 4, 2021) (quoting *Abe v. N.Y.U.*, 2016 U.S. Dist. LEXIS 43611, 2016 WL 1275661, at *5 (S.D.N.Y. Mar. 30, 2016)).

7

Here, Plaintiff alleges that he filed an appeal of Defendant's denial of benefits in April 2020. Compl. ¶ 74. Plaintiff also alleges that "Hartford failed to render a decision on a timely basis." *Id*. at ¶ 18. Defendant argues that Plaintiff alleges only that he administratively appealed the initial denial of LTD benefits, but he does not allege what happened on that administrative appeal and therefore he has failed to allege facts from which the Court could plausibly conclude that administrative remedies were exhausted. Def. Mem. at 6.

Plaintiff takes the position that "Hartford's failure to decide if Plaintiff was disabled within 45 days exhausted his administrative remedies, which is why de novo review applies." Pl. Mem. at 11. Plaintiff argues that, "[u]nder the Department of Labor's claims-procedure regulation, . . . a claimant 'shall be deemed to have exhausted' her administrative remedies if a plan fails to establish or follow claims procedures in compliance with ERISA." *McFarlane v. First Unum Life Ins. Co.*, 274 F. Supp. 3d 150, 155 (S.D.N.Y. 2017) (citing 29 C.F.R. § 2560.503-1(l)(1)). The *McFarlane* Court explained that "under 29 C.F.R. § 2560.503-1(i), a plan must notify the claimant of its benefit determination on review 'within a reasonable period of time, but not later than [45] days after receipt of the claimant's request for review by the plan.'" *McFarlane* 274 F. Supp3d at 155 (quoting 29 C.F.R. § 2560.503-1(i)(1)(i)). "The plan may, however, take one extension, not to exceed 45 days, if it determines that 'special circumstances' such as 'the need to hold a hearing,' require additional time for processing the claim." *Id*. "In the event that a plan determines that an extension is necessary, 'written notice of the extension shall be furnished to the claimant prior to the termination of the initial [45]-day period.' 29 C.F.R. § 2560.503-1(i)(1)(i). The extension notice 'shall indicate the special circumstances requiring an extension of time and the date by which the plan expects to render the determination on review.'" *Id*. From the face of the Complaint, Plaintiff has adequately alleged

8

that Hartford failed to act within the requisite period and therefore his appeal is deemed exhausted.[1]

However, the Court's inquiry cannot not end there. Defendant relies upon a letter sent to Plaintiff on April 23, 2020 in support of its argument that Plaintiff has failed to exhaust his administrative remedies. *See* Garcia Dec. Ex. C. While this letter was conspicuously absent from the Complaint it is part of the administrative record and will be considered for purposes of this motion. *See Saini v. Cigna*, No. 17 Civ. 1922, 2018 U.S. Dist. LEXIS 68908, 2018 WL 1959551, at *6 (E.D.N.Y. Apr. 24, 2018) ("The Court may therefore consider the Administrative Record because the Amended Complaint either incorporates its contents by reference, or relies on its terms and effects, thus rendering the documentation associated with [defendant's] denial of Plaintiff's claim integral to the Amended Complaint"). Despite Plaintiff's argument that this letter did not resolve Plaintiff's appeal, the first sentence of the letter states "We've completed our review of the appeal for John McQuillin's Long-Term Disability ("LTD") Benefit that wasn't approved. We've overturned the original decision to deny claim# 24885293 for Proof of

---

[1] As pointed out by Defendant in its reply memorandum the time limits set forth in Section 503-1have been suspended as a result of the COVID-19 pandemic. *See* Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (Mar. 13, 2020) (Available at https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak). Plaintiff challenges Defendant's right to raise this argument for the first time in its reply memorandum. It is well-established that "[a]rguments may not be made for the first time in a reply brief*." Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993). Therefore, "[n]ew arguments first raised in reply papers in support of a motion will not be considered*." Domino Media, Inc. v. Kranis,* 9 F.Supp.2d 374, 387 (S.D.N.Y. 1998). However, "reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Bravia Capital Partners, Inc. v. Fike,* 296 F.R.D. 136, 144 (S.D.N.Y. 2013) (quoting *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000)). Ultimately, it is within the Court's discretion whether to strike portions of reply papers. *Monaghan v. Airlines*, No. 16-cv-3528, 2018 U.S. Dist. LEXIS 129964, 2018 WL 3682482, at *4 (E.D.N.Y. Aug. 2, 2018). Here, the argument raised by Defendant regarding a suspension of time limits imposed on plan fiduciaries during the Covid pandemic, particularly in light of that pronouncement's "good faith" requirement, is not properly raised on a motion to dismiss addressed to the adequacy of Plaintiff's pleadings and any resolution of this issue should await the summary judgment or trial stage of this litigation.

Loss." *See* Garcia Dec. Ex. C. The plain language of this letter indicates that Plaintiff's appeal was successful. Thus, Plaintiff's argument that Hartford did not render a decision on his appeal within the 45 days proscribed by statute must be rejected. Accordingly, the undersigned respectfully recommends that Defendant's motion to dismiss Plaintiff's ERISA claims on the basis of failure to exhaust administrative remedies be granted.

Plaintiff's motion to prelude Defendant from adding to the administrative record "those pages from the claim file, which contain information that Defendant added after May 26, 2020, because that is the date when the Court deemed that Defendant's final decision was a denial" is not supported by the record. Plaintiff's entire motion is based upon the unsupported premise that the Court determined the date on which a final decision was rendered. Because no such finding has been made by the Court, the undersigned respectfully recommends that Plaintiff's motion be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF. Any requests for an extension of time for filing objections must be directed to Judge Feuerstein prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal of the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010);

*Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchant's Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
　　　　February 12, 2021

　　　　　　　　　　　　　　　　　　　_____/s_____
　　　　　　　　　　　　　　　　　　　ARLENE R. LINDSAY
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

11