UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
JOHN MCQUILLIN,

                      Plaintiff,

      -against-

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

                      Defendant.
--------------------------------------X

ADOPTION ORDER
20-CV-2353(JS)(ARL)

FILED
CLERK

1:37 pm, May 25, 2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

APPEARANCES
For Plaintiff:     Jeffrey D. Delott, Esq.
                  Law Offices of Jeffrey Delott
                  366 North Broadway, Suite 410k-3
                  Jericho, New York 11753

For Defendant:    Patrick W. Begos, Esq.
                  Brennan Breeland, Esq.
                  Robinson & Cole LLP
                  666 Third Avenue, 20th Floor
                  New York, New York 10017

SEYBERT, District Judge:

        Pending before the Court are the objections of plaintiff John McQuillin ("Plaintiff") to the Report and Recommendations of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated February 12, 2021 ("the Report"), recommending, inter alia, that the motion of defendant Hartford Life and Accident Insurance Company ("Defendant" or "Hartford"), seeking to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to exhaust administrative remedies be granted and that Plaintiff's motion for an order preventing Defendant "from adding to the 'administrative record'

1

('AR') those pages from the claim file, which contain information that Defendant added after May 26, 2020" ("Motion to Preclude") (Docket Entry ["DE"] 30), be denied. For the reasons set forth below, Plaintiff's objections are OVERRULED and the Report is ACCEPTED in its entirety.

I.   Discussion[1]

    A.   Motion to Dismiss

        1.   Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed de novo. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See FED. R. CIV. P. 72(b); Spence v. Superintendent, Great Meadow

---

[1] Unless otherwise noted, case quotations omit all internal quotation marks, citations, footnotes, and alterations.

Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

However, general objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review." Owusu v. New York State Ins., 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009); see also Trivedi v. N.Y.S. Unified Ct. Sys. Off. of Ct. Admin., 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011), aff'd sub nom Seck v. Off. of Ct. Admin., 582 F. App'x 47 (2d Cir. Nov. 6, 2014) ("[W]hen a party makes only conclusory or general objections [] the Court will review the Report strictly for clear error.[] Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal."). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. Owusu, 655 F. Supp. 2d at 312-13; see also Bassett v. Elec. Arts, Inc., 93 F. Supp. 3d 95, 100-01 (E.D.N.Y. 2015). Thus, Plaintiff's general objections and mere reiterations of the arguments in his original papers that were fully considered, and rejected, by Magistrate Judge Lindsay are insufficient to invoke de novo review.

See, e.g., Colvin v. Berryhill, 734 F. App'x 756, 758 (2d Cir. May 18, 2018) (summary order) (holding that a general objection to a magistrate judge's report "does not constitute an adequate objection under [] Fed. R. Civ. P. 72(b)."); Benitez v. Parmer, 654 F. App'x 502, 503 (2d Cir. June 30, 2016) (summary order) (holding that the plaintiff's general objection to the magistrate judge's report and recommendation was insufficient to obtain de novo review). Accordingly, except for the specific objections set forth below, the remainder of the Report is reviewed only for clear error.

Moreover, "[a] district court need not entertain new grounds for relief or additional legal arguments that were not before the magistrate judge." Sampson v. Saul, No. 19-CV-6270, 2020 WL 6130568, at *3 (S.D.N.Y. Oct. 16, 2020); see also Trs. of Metal Polishers Local 8A-28A Funds v. Nu Look Inc., No. 18-CV-3816, 2020 WL 5793204, at *3 (E.D.N.Y. Sept. 29, 2020) ("[A] district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."); Aquavit Pharms., Inc. v. U-Bio Med, Inc., No. 19-CV-3351, 2020 WL 1900502, at *4 (S.D.N.Y. Apr. 17, 2020) ("The Court need not consider arguments and factual assertions that were not raised initially before the magistrate judge.") Accordingly, the Court has not considered Plaintiff's argument that if the letter, dated April 23, 2020,

4

that was sent by an Appeal Specialist for Defendant to Plaintiff's counsel ("April 23, 2020 letter"), (Declaration of Adam J. Garcia in Support of Motion to Dismiss ["Garcia Decl."], Ex. C), "stopped ERISA's 45-day deadline from running, then his administrative remedies would have been exhausted by June 7, 2020, (Plaintiff's Objections to the Report "Regarding Defendant's Motion to Dismiss" ["Plf. MTD Obj."] at 16-25), because such argument was not raised before Magistrate Judge Lindsay.

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

### 2. Plaintiff's Objections

Plaintiff contends, inter alia, that Magistrate Judge Lindsay erred: (i) in improperly making a factual determination regarding "the date on which a final decision was rendered" on a motion to dismiss, (Plf. MTD Obj. at 1; see also id. at 16); (ii) in finding that Defendant's April 23, 2020 letter to Plaintiff decided Plaintiff's administrative appeal because the letter did not approve or deny Plaintiff LTD benefits and, thus was not a final decision, on the merits; and (iii) in "misread[ing] or misinterpret[ing] 29 C.F.R. § 2560.503-1," (Id. at 12).

"A key component of ERISA's statutory plan is Section 503, which requires that, '[i]n accordance with regulations of the

[Department of Labor], every employee benefit plan shall' do two things: First, 'provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan <u>has been denied</u>, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant'; and second, 'afford a reasonable opportunity to any participant whose claim for benefits <u>has been denied</u> for a full and fair review by the appropriate named fiduciary of the decision denying the claim.'" <u>Halo v. Yale Health Plan, Dir. Of Benefits & Records Yale Univ.</u>, 819 F.3d 42, 48 (2d Cir. 2016) (emphasis added) (quoting 29 U.S.C. § 1133).

Generally, plaintiffs are required to exhaust their administrative remedies before filing an action in federal court pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1), seeking review of a benefits determination under an employee benefits plan.[2] <u>See</u> <u>Paese v. Hartford Life & Accident Ins. Co.</u>, 449 F.3d 435, 445 (2d Cir. 2006); <u>Kennedy v. Empire Blue Cross & Blue Shield</u>, 989 F.2d 588, 594 (2d Cir. 1993). "[E]xhaustion in the context of ERISA requires only those administrative appeals

---

[2] Although plaintiffs are not required to exhaust their administrative remedies "where they make a clear and positive showing that pursuing available administrative remedies would be futile, . . . [and may] assert equitable defenses to the exhaustion requirement such as waiver, estoppel, and equitable tolling," <u>Kirkendall v. Halliburton, Inc.</u>, 707 F.3d 173, 179 (2d Cir. 2013), Plaintiff raises none of those defenses.

provided for in the relevant plan or policy." Kennedy, 989 F.2d at 594; see also Halo, 819 F.3d at 55 ("[T]he judicially created exhaustion requirement . . . mandates claimants to pursue their claims through their plan's claims procedure before filing an ERISA Section 502(a)(1)(B) suit in federal court.") However, "[t]he question of whether [a claimant] exhausted administrative remedies is in turn dependent on whether [the plan administrator] complied with the regulatory deadlines of 29 C.F.R. § 2560.503-1." Nichols v. Prudential Ins. Co. of Am., 406 F.3d 98, 105 (2d Cir. 2005).

ERISA's claims procedure regulation provides, in pertinent part:

> Except as provided in paragraphs . . . (i)(3) of this section, the plan administrator shall notify a claimant in accordance with paragraph (j) of this section of the plan's benefit determination on review within a reasonable period of time, but not later than 60 days after receipt of the claimant's request for review by the plan. . . .

29 C.F.R. § 2560.503-1(i)(1)(i) (emphasis added). Paragraph (i)(3)(i) of that section shortens the 60-day period to 45 days for claims involving disability benefits. Id., § 2560.503-1(i)(3)(i).

Paragraph (j), to which paragraph (i)(1)(i) refers, pertains to the "[m]anner and content of notification of benefit determination on review" and provides, in relevant part:

> The plan administrator shall provide a claimant with written or electronic notification of a plan's benefit determination on review. . . . In the case of an adverse

7

> benefit determination, the notification shall set forth,
> in a manner calculated to be understood by the claimant
> [various requirements].

29 C.F.R. § 2560.503-1(j) (emphasis added). Thus, the regulation, which distinguishes between a "benefit determination on review" and an "adverse benefit determination," clearly governs the content of an adverse benefit determination, but there is no provision governing the content of a "benefit determination on review" that is not adverse to the claimant. Contrary to Plaintiff's contention, there is nothing in that Section requiring that a "benefit determination on review" must either approve the payment of benefits or make a final denial of the claim. Certainly, nothing in that provision prohibits Defendant from issuing a "benefit determination on review" that overturns the adverse determination of the claim department, and, in essence, remands the claim to the claim department for further evaluation and a new decision.

Indeed, the Second Circuit has held that "when denying a claim for benefits, a plan's failure to comply with the Department of Labor's claims-procedure regulation, 29 C.F.R. § 2560.503-1, will result in that claim being reviewed de novo in federal court, unless the plan has otherwise established procedures in full conformity with the regulation and can show that its failure to comply with the claims-procedure regulation in the processing of a particular claim was inadvertent and harmless."

<u>Halo</u>, 819 F.3d at 57-58 (emphasis added). Strict compliance with 29 C.F.R. § 2560-503-1 does not require Defendant to adhere to requirements that are not expressed in the regulation.

Paragraph (*l*), upon which Plaintiff relies, is not applicable to this case. That paragraph relates to a plan's "[f]ailure to establish and follow reasonable claims procedures," 29 C.F.R. § 2560.503-1(*l*)[3], but, as set forth below, Defendant did

_____

[3] Paragraph (*l*) provides:

"In the case of a claim for disability benefits, <u>if</u> the plan fails to strictly adhere to all the requirements of this section with respect to a claim, the claimant is deemed to have exhausted the administrative remedies available under the plan, except as provided in paragraph (*l*)(2)(ii) of this section. Accordingly, the claimant is entitled to pursue any available remedies under section 502(a) of [ERISA] on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim. If a claimant chooses to pursue remedies under section 502(a) of the Act under such circumstances, the claim or appeal is deemed denied on review without the exercise of discretion by an appropriate fiduciary."

29 C.F.R. § 2560.503-1(*l*)(2)(i) (emphasis added). In the instant case, Defendant did not fail to strictly adhere to all the requirements of that section.

The exception in paragraph (*l*)(2)(ii) of that section provides:

"Notwithstanding paragraph (*l*)(2)(i) of this section, the administrative remedies available under a plan with respect to claims for disability benefits will not be deemed exhausted based on de minimis violations that do not cause, and are not likely to cause, prejudice or harm to the claimant so long as the plan demonstrates that the violation was for good cause or due to matters beyond the control of the plan and that the violation occurred in the context of an ongoing, good faith

not fail to establish or follow its reasonable claims procedures because it issued a written benefit determination on review, which was not adverse to Plaintiff, within the 45-day period prescribed by paragraph (j).

Magistrate Judge Lindsay correctly found that Defendant's April 23, 2020 letter to Plaintiff resolved Plaintiff's appeal and "[t]hus, Plaintiff's argument that Hartford did not render a decision on his appeal within the 45 days proscribed [sic] by statute must be rejected." (Report at 9-10). In other words, Defendant complied with 29 C.F.R. § 2560.503-1(i) and (j) because it provided written notification to Plaintiff of its benefit determination on review, which, in essence, vacated the October 25, 2019 decision of the claim department and remanded

---

exchange of information between the plan and the claimant. This exception is not available if the violation is part of a pattern or practice of violations by the plan. The claimant may request a written explanation of the violation from the plan, and the plan must provide such explanation within 10 days, including a specific description of its bases, if any, for asserting that the violation should not cause the administrative remedies available under the plan to be deemed exhausted. If a court rejects the claimant's request for immediate review under paragraph (*l*)(2)(i) of this section on the basis that the plan met the standards for the exception under this paragraph (*l*)(2)(ii), the claim shall be considered as re-filed on appeal upon the plan's receipt of the decision of the court. Within a reasonable time after the receipt of the decision, the plan shall provide the claimant with notice of the resubmission."

Id. at § (*l*)(2)(ii).

the matter to the claim department to render a new decision, within 45 days after Plaintiff filed the appeal.

This case is sufficiently analogous to Werb v. ReliaStar Life Ins. Co., No. 08-CV-5126, 2010 WL 3269974, at *8-10 (D. Minn. Aug. 17, 2010), which rejected a similar argument, i.e., that because the defendant purportedly failed to act on the plaintiff's appeal of a 2006 determination denying his claim for LTD benefits, the Court was required to review that determination, and to do so de novo. Id. at *6. In that case, the plaintiff appealed, inter alia, the 2006 decision of the defendant's claim department which determined that the plaintiff had not been disabled during the six-month period beginning on August 1, 1998. Like the instant case, the defendant's appeal committee vacated the decision of the claim department and remanded the matter so that the claim department could consider anew the plaintiff's claim for benefits. In rejecting the plaintiff's argument, and finding that the 2006 decision was not subject to judicial review, the district court held, in pertinent part, that when the appeal committee vacated the claim department's decision and remanded the matter to the claim department for a new determination,

> the 2006 decision of the claim department became a dead letter. ReliaStar's appeal committee had declared, in essence, that the 2006 decision of the claim department was not the decision of ReliaStar, and that the claim department would have to start over in considering [the plaintiff's] claim for benefits

* * *

[The plaintiff] relies entirely on the decision of the Eighth Circuit in Seman v. FMC Corp. Retirement Plan for Hourly Employees, 334 F.3d 728, 733 (8th Cir. 2003). According to [the plaintiff], he properly appealed the 2006 decision of the claim department that he was not disabled, ReliaStar failed to timely act on his appeal, and therefore, under Seman, this Court must review the claim department's decision de novo.

[The plaintiff] misreads Seman. In Seman, the plaintiff (Seman) applied for LTD benefits. Seman's employer, which served as the administrator of the plan, denied Seman's application, finding, among other things, that Seman was not totally and permanently disabled, as required by the plan. Id. at 731. . . .

Seman appealed to the plan's review panel (the equivalent of ReliaStar's appeal committee). Id. at 731. Although the plan's governing documents gave the review panel a maximum of 120 days to issue a decision, the panel sat on Seman's appeal for more than 18 months without issuing a decision. Id. Seman got tired of waiting and sued under ERISA for wrongful denial of benefits. Id.

The trial court decided to review the decision of Seman's employer to deny his application for LTD benefits for abuse of discretion, and held that the employer had not abused its discretion in finding that Seman was not disabled. Id. at 731–32. On appeal, the Eighth Circuit held that the district court should have reviewed that finding de novo:

> When a plan administrator fails to render any decision whatsoever on a participant's application for benefits, it leaves the courts with nothing to review under any standard of review, so the matter must be sent back to the administrator for a decision. When a plan administrator denies a participant's initial application for benefits and the review panel fails to act on the participant's properly filed appeal, the administrator's decision is subject to judicial review, and the standard of review will be de novo rather than for abuse

12

of discretion if the review panel's inaction
raises serious doubts about the
administrator's decision.

Id. at 733. Because Seman's initial application for
benefits had been denied and the review panel had taken
no action on Seman's properly filed appeal, the Eighth
Circuit held that the employer's finding that Seman was
not disabled should have been reviewed de novo. Id. at
733-34.

The differences between this case and Seman are
significant. In Seman, the claim department decided that
the participant was not disabled, the participant
properly appealed that decision, and the appeal
committee took no action on that appeal. In this case,
by contrast, the claim department decided that the
participant was not disabled, the participant properly
appealed that decision, and the appeal committee vacated
the decision of the claim department [and remanded the
matter to the claim department].

Id. at *8-10.

Like Werb, Plaintiff properly appealed the October 25,
2019 decision of Defendant's claim department, which denied his
claim for LTD benefits because he did not "have enough proof of
loss to evaluate [Plaintiff's] disability," and he submitted
additional evidence. (Garcia Decl., Ex. B.) Defendant rendered a
decision on the appeal on April 23, 2020, i.e., within the 45-day
period prescribed in 29 C.F.R. 2560.503-1(i)(1)(i) and (i)(3),
vacating the decision of the claim department and remanding the
matter to the claim department "to determine if Disability is
supported" and to "render a new decision." (Id., Ex. C).
Accordingly, the October 25, 2019 decision of Defendant's claim
department "became a dead letter" because, on appeal, Defendant

issued a written benefit determination on review declaring, in essence, that the decision of the claim department was not Defendant's decision and that the claim department would have to review Plaintiff's claim again, considering the additional evidence submitted by Plaintiff, and render a new decision. Plaintiff does not allege that he sought additional information regarding the status of his claim, or otherwise communicated with Defendant, after receiving the April 23, 2020 letter and before filing this action; nor that he ever advised Defendant before filing this action that he believed that the April 23, 2020 letter did not constitute a benefit determination on review concluding his appeal. Rather, Plaintiff filed this action on the 46th day after he appealed the October 25, 2019 decision of the claim department, a decision that was vacated and remanded to the claim department on appeal, alleging that Defendant failed to render a timely decision within 45 days and never made a proper extension request.

The cases cited by Plaintiff are distinguishable. The case Gilbertson v. Allied Signal, Inc., 328 F.3d 625 (10th Cir. 2003), is inapposite because the question in that case was "whether an ERISA plan administrator's denial of disability benefits is entitled to deference when the administrator failed to render a decision within the time limits and the claim was 'deemed denied' by operation of law." Id. at 627 (emphasis added). In that case,

the plan administrator, on review of the denial of the plaintiff's claim for LTD benefits, sent the plaintiff a fax granting the plaintiff's request for an extension of time in order to submit additional medical information. The plaintiff never heard from the plan administrator again, even though her attorney sent it a letter submitting additional medical information and another letter asking the plan administrator to advise whether it would accept or reject the claim; and directly requested a decision, or at least some sort of a status update, to all of which the plan administrator failed to respond. In other words, the claimant in that case "call[ed] a halt to the evidence-gathering process" and "insist[ed] on an up or down decision on the record as it [stood]." Id. at 636. Moreover, the plan administrator never issued any decision on the plaintiff's appeal at all. "Instead, it simply sat on the claim until well after it was automatically deemed denied by operation of ERISA regulations." Id. To the contrary, when Plaintiff commenced this action, Defendant had rendered a decision on Plaintiff's appeal within the 45-day period and Plaintiff never "called a halt to the evidence gathering process," requested "an up or down decision on the record as it stood," or otherwise communicated with Defendant after he received the April 23, 2020 letter and before filing this action.

Similarly, Wittmann v. Unum Life Ins. Co. of Am., 17-CV-9501, 2018 WL 5631421 (E.D. La. Oct. 31, 2018), is

distinguishable because, contrary to the instant case, Unum <u>denied</u> the plaintiff's appeal on May 29, 2015, but invited her to submit additional information in support of her claim. <u>Id.</u> at *1. The plaintiff requested a second appeal, which was also denied. <u>Id.</u> In the July 20, 2015 letter denying the second appeal, Unum advised, <u>inter alia</u>, "Unum has completed our review of your appeal. . . . No further review is available and your appeal is now closed. . . . If you disagree with this decision, you have a right to bring a civil suit under section 502(a) of the Employee Retirement Income Security Act of 1974." <u>Id.</u> Thus, the district court found that the plaintiff's administrative remedies were exhausted as of July 20, 2015. <u>Id.</u> at *6. In other words, unlike the instant case, the plaintiff in <u>Wittman</u> exhausted her administrative remedies before filing suit.

Moreover, in <u>Wittman</u>, the district court agreed that the plaintiff's right to challenge the defendant's decision denying her claim for benefits "vested on July 20, 2015, as confirmed by Unum's letter bearing that date," and rejected the defendant's argument that a subsequent letter, dated January 24, 2017, which unilaterally renewed the claims-handling process and appeal procedure, overturned its prior benefit determination. <u>Id.</u> at *6-7 ("Contrary to Unum's position, this case does not involve litigation of a matter that was still subject to administrative review under the Plan at the time in which it was instituted.

Rather, this lawsuit challenges Unum's October 3, 2014 denial of
Wittmann's claim for long-term disability benefits, for which
Wittmann exhausted her administrative remedies on July 20, 2015,
following no less than two rounds of administrative appeals.")
Thus, the procedural history of that case is entirely different
from the instant case and its holding is, thus, inapposite.

Likewise, Tolleson v. Kraft Foods Glob., Inc., No. 16-
CV-2055, 2016 WL 4439951 (N.D. Ill. Aug. 23, 2016), is
distinguishable from this case. In that case, Aetna, the health
benefits administrator for the plan, denied the plaintiffs' claim
on May 15, 2014. Id. at *1. The plaintiffs appealed the claim
denial 184 days later, so on January 23, 2015, Aetna rejected the
initial appeal as untimely because the Plan required appeals be
submitted within 180 days of the claim denial. The plaintiffs filed
a second appeal on March 13, 2015, challenging the finding of
untimeliness, but on May 13, 2015, Aetna declined to reconsider
its determination of untimeliness. Id. On March 22, 2016, six weeks
after the plaintiffs filed suit on February 9, 2016, Aetna issued
a determination of the plaintiffs' appeal on the merits, upholding
the claim denial. Id. In rejecting Aetna's argument that the
plaintiffs needed to appeal the March 2016 determination in order
to exhaust administrative remedies, the district court noted that
when the plaintiffs filed suit,

> they had already received two determinations that their
> appeal was untimely, <u>both of which stated they were
> final</u>. Neither of those determination letters gave
> Plaintiffs any indication that Aetna might decide on its
> own to consider the merits of the appeal at some later
> date. Likewise, the Plan itself does not put Plaintiffs
> on notice that after receiving two determinations of
> untimeliness, they should expect that the insurer might
> change its mind and conduct a substantive review of their
> claim. . . . Plaintiffs simply had no way of knowing the
> March 2016 determination would occur and therefore that
> they should wait for it and administratively appeal it
> before filing suit. If the Court were to adopt
> Defendants' argument, a plaintiff would have no way of
> knowing when it exhausted its administrative remedies,
> because an insurer could decide to reopen review of a
> claim <u>denial</u> at any time, <u>even after telling the insured
> the matter was closed</u>.

<u>Id.</u> at *2 (emphasis added). Thus, the holding in that case is also inapposite to the instant case.

In <u>Szajer v. Life Ins. Co. of N. Am. ("LINA")</u>, No. 14-CV-2479, 2015 WL 12926706, at *1 (N.D. Tex. Sept. 25, 2015), the defendant denied the plaintiffs' claim on September 24, 2010, pointing to provisions in an incorrect policy. <u>Id.</u> at *1. The plaintiffs appealed the decision twice and the defendant <u>denied</u> their claim on each appeal, once by decision dated December 7, 2010, which advised the plaintiffs "that all administrative levels of appeal have been exhausted and we [the defendant] cannot honor any further appeals on this claim;" and the other on February 7, 2013, which informed the plaintiffs "that all administrative appeals have been exhausted and that the next step is to bring legal action under the ERISA § 502(a)." <u>Id.</u> at *2, *6. On July 11,

2014, the plaintiffs filed suit. Even though the defendant had repeatedly informed the plaintiffs that they had exhausted their administrative appeals, it nevertheless sent the plaintiffs' attorney a letter on September 11, 2014, informing him that the plaintiffs' claim was "still being reviewed." On December 1, 2014, the defendant notified the plaintiffs that their claim was not payable for a new reason, but under the correct policies. Id. at *3. With respect to the plaintiffs' request, inter alia, for a protective order staying any administrative appeal related to the December 1, 2014 letter, the district court held, in pertinent part:

> The Court is of the opinion that there was no open claim in front of LINA to deny. Plaintiffs filed a single claim with LINA. This claim was denied three times. The third denial also informed Plaintiffs that the administrative process was closed and the next step was to file suit. . . . Only when it became advantageous to reopen the claim at the administrative level did LINA offer Plaintiffs the opportunity for further administrative review. Plaintiffs declined this offer and the closed claim remained pending before this Court.
>
> Defendant's December 1, 2014 letter was the result of an independent internal review of a closed claim. To permit plan administrators to reopen closed claims and change their decisions and findings without the consent of the beneficiaries would prevent ERISA beneficiaries from having any closure or certainty after a claim is closed. Accordingly, the December 1, 2014 letter was not a proper denial of benefits under ERISA, and Plaintiffs had no obligation to respond or appeal.

Id. at *6 (emphasis added). As there was still an open claim in front of Defendant after it vacated the October 25, 2019 decision

and remanded the matter to the Disability Benefit Manager for further review and a new decision, Szajer is inapposite.

Unlike the instant case, in which a benefit determination on review was issued within the 45-day period, in Asgaard v. Pension Comm., No. 06-CV-063, 2006 WL 2948074 (W.D. Mich. Oct. 13, 2006), the defendants failed to follow the proper claim procedures, i.e., as of the date when the amended complaint was filed, the plaintiffs had neither received the documents they requested nor any decision on their appeal. Id. at *3. In rejecting the defendants' argument "that they 'tolled' the time for appeal due to their inability timely to gather the documents plaintiffs requested," the district court found that the defendants had not cited "to any legal authority that allows defendants to arbitrarily toll the appeal timelines indefinitely while defendants prepare a response to the plaintiffs' reasonable and proper request for relevant documents." Id. at * 7 (emphasis added). In that context, which is entirely different from the instant case, the district court held that "[t]aken to its extreme, the defendants' argument would allow an ERISA plan administrator to avoid judicial review indefinitely by merely refusing to supply requested documents or refusing to decide a claim on review." Id. at * 8.

In McFarlane v. First Unum Life Ins. Co., 274 F. Supp. 3d 150, 153 (S.D.N.Y. 2017), the defendant terminated the plaintiff's LTD benefits by letter dated January 14, 2016. Id. at

3. The plaintiff appealed that decision on July 7, 2016. Id. On August 22, 2016, after the plaintiff notified the defendant that it had not rendered a decision within 45 days as required by 29 C.F.R. § 2560.503−1(i)(3)(i), the defendant faxed a letter to her counsel stating "that it needed an extension of up to 45 days to complete its review because it had not received necessary information" that it requested from one of the doctors. Id. The letter further stated that "this extension will begin when First Unum receives the requested information," but the defendant never rendered a decision on the plaintiff's administrative appeal. Id. Accordingly, the plaintiff filed suit on October 6, 2016. Id. Unlike the instant case, the dispute in McFarlane involved whether the defendant had given proper notice extending its time to make a "benefit determination on review" under 29 C.F.R. § 2560.503-1(i)(3) and (4). Moreover, contrary to that case, Defendant made a "benefit determination on review" within the initial 45-day period.

Similarly, the question in Salisbury v. Prudential Ins. Co. of Am., 238 F. Supp. 3d 444 (S.D.N.Y. 2017), was "whether Prudential violated the claims-procedure regulation when it requested an extension of time to decide Salisbury's appeal." Id. at 449. Thus, that case is also inapposite to this case.

In sum, Defendant did not fail to meet the 45-day deadline because Plaintiff filed an appeal of the 2019 decision on

April 11, 2020, (Compl., ¶ 74), and Defendant rendered a benefit determination on review  which vacated the 2019 decision and remanded the matter to the claim department for further evaluation, considering the additional evidence submitted by the plaintiff, and a new decision, on April 23, 2020. Accordingly, Magistrate Judge Lindsay properly rejected Plaintiff's argument the Defendant did not render a decision on his appeal within the time prescribed by 29 C.F.R. § 2560.503-1(i)(1)(i) and (i)(3) and recommended that Defendant's motion to dismiss be granted for failure to exhaust administrative remedies[4].

Upon <u>de novo</u> review of the findings and conclusions in the Report with respect to Defendant's motion to dismiss to which Plaintiff specifically objects, all motion papers and the entire record, and consideration of Plaintiff's objections to so much of the Report as recommends that Defendant's motion to dismiss be granted, and Defendant's response thereto, Plaintiff's objections are overruled and so much of the Report as recommends granting Defendant's motion to dismiss is accepted in its entirety.

---

[4] Contrary to Plaintiff's contention, Magistrate Judge Lindsay did not find "that April 23, 2020 was the date of Defendant's final decision on the merits. . . ." (Plf. MTD Obj. at 6-7). Rather, she found, in essence, that Defendant rendered a decision on Plaintiff's appeal of the October 25, 2019 decision of the claim department, <u>i.e.</u>, that the April 23, 2020 letter constitutes a "benefit determination on review." As this was clear from the face of the April 23, 2020 letter, Magistrate Judge Lindsay did not improperly resolve a "[f]act-specific question." (<u>Id.</u>)

B. Motion to Preclude

1. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge "may designate a magistrate judge to hear and determine any [nondispositive] pretrial matter," not otherwise expressly excluded therein. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010) ("The district court may designate a magistrate judge to hear and decide a pretrial matter that is 'not dispositive of a party's claim or defense.'" (quoting FED. R. CIV. P. 72(a))); Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) ("As a matter of case management, a district judge may refer nondispositive motions[] . . . to a magistrate judge for decision without the parties' consent.")

Any party may serve and file objections to a magistrate judge's order on a nondispositive pretrial matter within fourteen (14) days after being served with a copy thereof. FED. R. CIV. P. 72(a). Upon consideration of any timely objections, and reconsideration of the magistrate judge's order, see 28 U.S.C. § 636(b)(1)(A), the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). "An order is 'clearly erroneous' only if a reviewing court, considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed; an order is 'contrary

to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013), aff'd, 868 F.3d 104 (2d Cir. 2017); accord In re Hulley Enters. Ltd., 400 F. Supp. 3d 62, 70 (S.D.N.Y. 2019). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused his discretion." Ahmed v. T.J. Maxx Corp., 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015); see also Hulley, 400 F. Supp. 3d at 70 ("Magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused. . . . A party seeking to overturn a magistrate judge's decision thus carries a heavy burden.")

### 2. Plaintiff's Objections

Plaintiff contends, inter alia, that Magistrate Judge Lindsay erred: (i) in failing to consider any of his arguments in support of his Motion to Preclude, other than his argument that the administrative record closed when Defendant's final decision was purportedly deemed denied on day forty-five (45), (see Plaintiff's Objections to Regarding Motion to Preclude at 1, 4-7, 11-13), including Plaintiff's argument that "Defendant cannot show good cause to add information to the AR after it closed," (id. at 3-4, 7-11); (ii) in finding that Defendant's April 23, 2020 decision was a final decision, (id. at 3); (iii) in failing to

address "Defendant's failure to render a new decision by June 7, 2020" or "when Defendant made its final decision to determine if Plaintiff was entitled to benefits," (id.); and (iv) in failing "to mention the July 17, 2020 denial letter." (Id.)

Plaintiff has not satisfied his heavy burden of demonstrating that the branch of Magistrate Judge Lindsay's order as recommends that his Motion to Preclude be denied is clearly erroneous or contrary to law. Moreover, in light of the dismissal of this action for failure to exhaust administrative remedies, it is unnecessary to address Plaintiff's objections to that branch of the Report.

C.    Remainder of Report

There being no clear error on the face of the Report with respect to the findings and conclusions of Magistrate Judge Lindsay to which no specific objections are interposed, those branches of the Report are accepted in their entirety.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## II.  Conclusion

Accordingly, for the reasons set forth above, Plaintiff's objections are OVERRULED; the Report (ECF No. 38) is ACCEPTED in its entirety; and, for the reasons set forth in the Report and herein, Defendant's motion to dismiss Plaintiff's ERISA claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 15) is GRANTED, Plaintiff's ERISA claims are DISMISSED in their entirety for failure to exhaust administrative remedies, and Plaintiff's Motion to Preclude (ECF No. 30) is DENIED.  The Clerk of the Court shall enter judgment in favor of Defendant and close this case.

SO ORDERED.

_/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    May __25__, 2021
          Central Islip, New York